Case 4:20-cv-00154   Document 27   Filed on 04/24/20 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
April 25, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON JENKINS, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:20-CV-0154 |
| | § | |
| HELMERICH & PAYNE | § | |
| INTERNATIONAL DRILLING CO., | § | |
| WPX ENERGY PRODUCTION, LLC, | § | |
| WPX ENERGY PERMIAN, LLC, | § | |
| AND WPX ENERGY SERVICES, CO., | § | |
| LLC, | § | |
|     Defendants. | § | |
| | § | |

## MEMORANDUM AND ORDER

Before the Court in this personal injury case is Helmerich & Payne International Drilling Co.'s, WPX Energy Production, LLC's, WPX Energy Permian, LLC's, and WPX Energy Services, Co., LLC's ("Defendants") Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's First Amended Complaint [Doc. # 18] ("Motion"). Plaintiff Brandon Jenkins ("Plaintiff") has responded,[1] and

---

[1] Plaintiff's Response to Defendant's Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's First Amended Complaint [Doc. # 21] ("Plaintiff's Response").

Defendants replied.[2] The Motion is ripe for decision. Based on the parties' briefing, pertinent matters of record, and relevant legal authority, the Court **grants in part and denies in part** Defendants' Motion.

## I.   BACKGROUND

The following factual summary is based on Plaintiff's allegations in the Amended Complaint [Doc. # 15]. On or about August 24, 2019, Plaintiff was working on an oil and gas rig near Mentone, Texas.[3] The rig was owned and operated by defendant Helmerich & Payne International Drilling Co. ("H&P").[4] The well site at which the rig was stationed was operated by WPX Energy Production, LLC, WPX Energy Permian, LLC, and WPX Energy Services, Co., LLC (collectively, the "WPX Defendants").[5] The WPX Defendants had hired H&P and Plaintiff's employer, MS Directional, to perform services at the well site.[6] The WPX

---

[2]   Defendants' Reply in Support of Rule 12(b)(6) Motion for Partial Dismissal of Plaintiff's First Amended Complaint [Doc. # 22] ("Defendants' Reply").

[3]   Amended Complaint ¶ 8.

[4]   *Id.* ¶ 10.

[5]   *Id.* ¶ 11.

[6]   *Id.*

Defendants had an employee present at the well site to supervise operations and exercise control and authority over the rig.[7]

In order to perform his job, Plaintiff needed to descend a set of steep stairs on the rig.[8] The stairs contained a slippery substance Plaintiff alleges to be oil-based mud.[9] While descending the stairs, Plaintiff slipped and fell on the slippery substance.[10] As a result of his fall, Plaintiff sustained a torn meniscus, torn muscles in his right thigh, and a dislocated kneecap.[11] Plaintiff alleges that he also has severe back pain as a result of the incident.[12]

Plaintiff alleges that the slippery substance was deposited on the stairs by H&P.[13] The dangerous condition of the stairs was not obvious to Plaintiff, but both H&P and the WPX Defendants had actual and/or constructive knowledge of the dangerous condition and failed to warn Plaintiff and others.[14] Plaintiff alleges that

---

[7]  *Id.* ¶ 11.

[8]  *Id.* ¶¶ 8, 13.

[9]  *Id.*

[10]  *Id.* ¶ 9.

[11]  *Id.*

[12]  *Id.*

[13]  *Id.* ¶¶ 8, 12.

[14]  *Id.* ¶¶ 12, 13.

3

Defendants failed to properly train and supervise their employees and contractors, failed to provide proper safety equipment and a reasonably safe workplace, failed to properly inspect and maintain the stairs on which Plaintiff fell, and failed to warn about the unreasonably dangerous condition of the stairs and make that condition safe.[15]

Plaintiff filed suit in the 269th District Court of Harris County, Texas, on December 16, 2019.[16] The case was removed to this Court on January 15, 2020.[17] Plaintiff filed an Amended Complaint on March 6, 2020.[18]

## II. <u>**MOTION TO DISMISS STANDARD**</u>

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to

---

[15] *Id.* ¶ 16.

[16] Plaintiff's Original Petition [Doc. # 1-7].

[17] Notice of Removal [Doc. # 1].

[18] Plaintiff's First Amended Complaint [Doc. # 15].

state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.   DISCUSSION

#### A.   Plaintiff's Claims for Negligence *Per Se* and Gross Negligence

Defendants move to dismiss Plaintiff's claims for negligence *per se* and gross negligence. Defendants argue that Plaintiff has not stated a claim for negligence *per se* because he has not alleged that Defendants violated any local, state, or federal statute. Defendants argue that Plaintiff has failed to state a claim for gross negligence because the Amended Complaint only mentions gross negligence in a conclusory manner and does not contain allegations relevant to the elements of a gross negligence claim. In his Response, Plaintiff states that he did not intend to

5

assert claims for negligence *per se* or gross negligence in his Amended Complaint,[19] but "[a] few random mentions related to these claims, however, were inadvertently not deleted" when drafting the Amended Complaint.[20]  Plaintiff agrees with Defendants that his negligence *per se* and gross negligence claims should be dismissed.

The issue separating the parties here is whether Plaintiff's claims for negligence *per se* and gross negligence should be dismissed with or without prejudice.  Plaintiff argues that these two claims should be dismissed without prejudice, because future discovery may reveal sufficient evidence to support these claims.  Defendants argue that these claims should be dismissed with prejudice because Plaintiff has tried and failed to assert them in two separate pleadings.  *See United States ex rel. Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 404 (5th Cir. 2004) ("Pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right.").  Plaintiff has not tried to state claims for negligence *per se* or gross negligence in his Amended Complaint.  Plaintiff's minor inadvertent references to these claims in the Amended Complaint are an insufficient basis to prejudice Plaintiff's right to assert such claims in the future, should

---

[19] Plaintiff's Response at 2.

[20] Plaintiff's Original Petition [Doc. # 1-7] asserted claims for negligence *per se* and gross negligence.

discovery reveal facts sufficient to support them. Plaintiff's claims for negligence *per se* and gross negligence will be dismissed without prejudice. Plaintiff will have an opportunity to receive initial disclosures and some discovery before the deadline for final amendments to the pleadings.

### B. Plaintiff's Negligence Claim

Defendants argue that Plaintiff fails to state a claim for negligence, but rather has stated only a premises liability claim. Premises liability claims are "a species of negligence [which] requires a plaintiff show existence of a duty, breach of that duty, and damages suffered by the plaintiff that were caused by the breach." *Lowery v. Wal-Mart Stores Texas, LLC*, 2017 WL 999259 at *3 (March 15, 2017) (Atlas, J.) (citing *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005)). "[A] person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.*[21] "The lines between negligent activity and premises

---

[21] *See also Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (affirming district court ruling that, where employee slipped on an oily substance spraying from

7

liability are sometimes unclear, since almost every artificial condition can be said to have been created by an activity." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). However, "the Texas Supreme Court has repeatedly declined to 'eliminate all distinction' between these two theories." *Austin*, 746 F.3d at 196 (quoting *Keetch*, 845 S.W.2d at 264). A plaintiff may not go to trial with both negligent activity and premises defect claims against a landowner. *Austin*, 746 F.3d at 197.

Defendants collectively argue that Plaintiff has failed to allege that his injuries were caused by an ongoing, contemporaneous negligent activity by Defendants. Defendants argue that Plaintiff's claim sounds in premises liability because it relates to a physical condition on the premises. Plaintiff responds correctly that he need not choose between negligence and premises liability theories at this early stage of the case because this issue is not ripe. Plaintiff must elect which of the claims he will submit to the jury, but need not do so until after completion of discovery.

The Court notes that Defendants' cited cases each involve claims against defendant-landowners relating simply to conditions of the premises where the injury

---

a condenser unit, his injury resulted from the condition of the floor and not the spraying itself); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (holding that plaintiff's injury resulted from the condition of a substance on the floor rather than an employee's act of spraying the substance earlier).

8

took place. The case at bar is distinguishable. Plaintiff has sued both WPX, which controlled the land where the accident occurred, as well as H&P, the owner of the rig and whose negligent operations allegedly created the dangerous condition.[22] The factual allegations in Plaintiff's Amended Complaint, when read as a whole and liberally construed in favor of Plaintiff, are sufficient to state a claim for negligence under Federal Rule of Civil Procedure 8(a) that H&P's contemporaneous negligent conduct proximately caused Plaintiff's injury.

## IV. CONCLUSION AND ORDER

Plaintiff's claims for negligence *per se* and gross negligence, to the extent they may be asserted in Plaintiff's Amended Complaint, are dismissed without prejudice. The allegations in Plaintiff's Amended Complaint, taken as true, read as a whole, and liberally construed in favor of Plaintiff are sufficient to state a claim for negligence against Defendant H&P. It is therefore

**ORDERED** that Plaintiff's claims for negligence *per se* and gross negligence are **DISMISSED without prejudice**. It is further

**ORDERED** that Defendants' Motion is otherwise **DENIED**.

SIGNED at Houston, Texas, this 24th day of **April, 2020.**

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

---

[22] *Id.* ¶ 14.